UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST BANK OF THE LAKE | CIVIL ACTION |
| VERSUS | |
| VCJ ESTATES LLC, ET AL. | NO. 25-00502-BAJ-RLB |

### RULING AND ORDER

Before the Court is Plaintiff's **Motion for Default Judgment (Doc. 14)**, seeking a final judgment against all Defendants: VCJ Estates LLC, Victor L. Gonzales, and Christina N. Breaux.

After the Plaintiff filed the instant Motion, Plaintiff filed a Notice of Bankruptcy (Doc. 19), which notified the Court that Defendants Gonzales and Breaux filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*, in the United States Bankruptcy Court for the Middle District of Louisiana. (Doc. 19). An automatic stay for Defendants Gonzales and Breaux was issued pursuant to Section 362 of the Bankruptcy Code. (Doc. 19-1).

Once a party files for bankruptcy protection, the automatic stay provision under 11 U.S.C. § 362(a) generally renders other courts without jurisdiction to determine rights between parties, as conflicts must be resolved by the bankruptcy court. The stay applies to the commencement or continuation of judicial, administrative, or other actions against the debtor that were or could have been commenced before the bankruptcy filing. 11 U.S.C. § 362(a). The scope of the automatic stay is broad, encompassing almost any type of formal or informal action

against the debtor or property of the estate. *Burton v. Infinity Capital Management*, 862 F.3d 740 (2017).

Plaintiff is unaware of any bankruptcy filing by Defendant VCJ Estates LLC, (Doc. 19 at 1), meaning VCJ Estates LLC is not cloaked by an independent bankruptcy-related automatic stay. Moreover, the Court is not aware of Defendants Gonzales and Breaux's automatic stay extending to Defendant VCJ Estates LLC. A bankruptcy court may invoke the automatic stay to stay proceedings against a nonbankrupt third-party defendant, where there is such an identity between the debtor defendant and a third-party defendant that a judgment against the third party will in effect be a judgment or finding against debtor. *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). Even though Defendants Gonzales and Breaux are the sole members of third-party Defendant VCJ Estates LLC (Doc 14-1 at 6–7), a judgment against the LLC is not a judgment against debtor Defendants Gonzales and Breaux.

That said, the specific relief Plaintiff requests in the instant Motion necessarily makes it an action against Defendants Gonzales and Breaux, which the Court is prohibited from doing under 11 U.S.C. § 362(a). Plaintiff requests that the Court award Plaintiff damages, attorney's fees, and other costs "against all Defendants," and recognize Plaintiff's security interest in the Gonzales and Breaux's property. (*Id.* at 13).

Therefore, the Court lacks jurisdiction to grant the specific relief Plaintiff requests. Plaintiff may seek relief from the Bankruptcy Court for the Middle District

of Louisiana, refile the instant Motion after Defendants Gonzales and Breaux's automatic stay is lifted, or refile the Motion for Default Judgment only as to Defendant VCJ Estates LLC. Accordingly,

**IT IS ORDERED** that this **Motion for Default Judgment** is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that parties shall notify the Court within 30 days of the resolution of the abovementioned bankruptcy proceeding.

Baton Rouge, Louisiana, this 3rd day of March, 2026

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**